**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60320
Summary Calendar

GARRY LEE MOORE,

Petitioner-Appellant,

VERSUS

JAMES V. ANDERSON, SUPERINTENDENT, MISSISSIPPI STATE
PENITENTIARY; ATTORNEY GENERAL STATE OF MISSISSIPPI,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
(1:94-CV-177)

July 28, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Garry Lee Moore, Mississippi prisoner #
65396, of forgery. The state trial court concluded that Moore was
an habitual offender and sentenced him to a fifteen-year term of
imprisonment without parole. Moore exhausted all of his state
court remedies without success. He then sought relief in federal
district court under 28 U.S.C. §2254. The magistrate judge denied

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except in
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Moore's petition, and the district court adopted the magistrate judge's report. Moore timely filed notice of appeal. We affirm.

Moore raises several assignments of error; none has merit. First, he argues that his trial counsel was ineffective for failing to preserve his right to a speedy trial. Though 15 months elapsed between the time of his arrest and his trial, Moore has not demonstrated that his defense was impaired. His naked assertion that the government delayed his trial for the sole purpose of reindicting him as an habitual offender is unpersuasive. There is simply no evidence in the record to suggest that the government would not have charged him as an habitual offender had he been brought to trial sooner. Because he suffered no prejudice, his ineffective assistance of counsel claim fails.[2]

Second, Moore argues that his counsel's heavy caseload prevented him from rendering constitutionally-adequate assistance on his behalf. The record, however, reflects that counsel was well-versed in the facts of Moore's case and that he provided effective assistance at all stages of the prosecution.

Third, Moore argues that his counsel was ineffective because he failed to object properly to the prosecution's introduction of inadmissible evidence of other crimes. Again, Moore has failed to demonstrate that he suffered any prejudice. Given the substantial amount of admissible, inculpatory evidence marshaled against him,

---

[2] See *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

2

he cannot prevail on this claim.

Fourth, Moore argues that his counsel rendered ineffective assistance because he failed to object properly to the court's decision to classify Moore as an habitual offender. The government, however, introduced certified copies of Moore's conviction records to the trial court. Since Moore's identity was not in question, we cannot say that counsel's failure to object to the habitual offender classification was inappropriate, much less constitutionally-substandard.

Fifth, Moore argues that the district court erred in according a presumption of correctness to the state court's finding that his confession was voluntarily made. While the Due Process Clause of the Fifth Amendment prohibits the introduction of any confession which is not the product of a rational intellect and a free will,[3] Moore has not made any showing that his confession was less than voluntary and intelligent. The trial court made sufficient credibility determinations on this issue. We do not disturb those findings.

Sixth, Moore argues that the trial judge's refusal to recuse himself rendered his trial unfair. Moore specifically alleges that his pending lawsuit against the trial judge created judicial prejudice. Moore has not, however, produced evidence that would cause a reasonable person to doubt the trial judge's impartiality.

---

[3] See *Lynumn v. Illinois*, 372 U.S. 528, 534 (1963).

As the trial judge commented, Moore had "filed lawsuits against everyone I think that is a member of the Clay County Bar, as well as the Court, and others, being law enforcement officers." Moore has not made a colorable showing that the trial judge should have recused himself.

Finally, Moore argues that the district court erred in failing to hold an evidentiary hearing with respect to his § 2254 petition. "An evidentiary hearing is not 'required when the record is complete or the petitioner has raised only legal claims that can be resolved without the taking of additional evidence.'"[4] In this case, the record before the district court was sufficient for the resolution of Moore's claims.

AFFIRMED.

---

[4] *Lawrence v. Lensing*, 42 F.3d 255, 259 (5th Cir. 1994) (citation omitted).

4